**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff,* | |
| **v.** | **Case No. CR-26-66-RAW** |
| **JIN ZHAO CHI, a/k/a Lu, A Chi, a/k/a A Chi LU,** | |
| *Defendant.* | |

## MOTION FOR DETENTION

COMES NOW the United States of America by and through United States Attorney Christopher J. Wilson and Assistant United States Attorney T. Cameron McEwen and, pursuant to 18 U.S.C. §§ 3142(a)(4), (e) and (f), and 18 U.S.C. § 3143(a)(1), moves for pretrial detention of Defendant. In support, the United States would submit the following:

1.    Eligibility of Case.    Defendant is eligible for a detention order because the case involves (check all that apply):

☐    Crime of violence (18 U.S.C. § 3156), sex trafficking (18 U.S.C. § 1591), or a federal crime of terrorism as listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐    Maximum sentence is life imprisonment or death;

☐    10+ year drug offense under the Controlled Substances Act (21 U.S.C. § 801 et. seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et. seq.) or chapter 705 of Title 46;

☐    Any felony if Defendant has two or more prior convictions for offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or two or more convictions state or local offenses that would have been offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C) if a circumstance giving rise to federal jurisdiction had existed, OR a combination of such convictions;

☐     Felony that involves a minor victim;

☐     Felony that involves the possession of a firearm or destructive device or any other dangerous weapon;

☐     Failure to register under 18 U.S.C. § 2250;

☒     Serious risk Defendant will flee;

☐     Serious risk Defendant will obstruct or attempt to obstruct justice; and/or

☐     Serious risk Defendant will threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror or obstruct.

☐     A revocation matter brought pursuant Fed.R.Crim.P 32.1. The burden of establishing by clear and convincing evidence that Defendant will not flee or pose a danger to any person or to the community rests with Defendant. (*See* Fed.R.Crim.P 32.1(a)(6)).

2.     <u>Reason for Detention</u>. The court should detain Defendant because there are no conditions of release which will reasonably assure (check all that apply):

☒     Defendant's appearance as required

☒     Safety of any other person and the community

3.     <u>Rebuttable Presumption</u>. The United States will invoke the rebuttable presumption against Defendant under Section 3142(e). The presumption applies because (check all that apply):

☐     Defendant has been convicted of an offense described in 18 U.S.C. § 3142(f)(1) or convicted of state or local offenses that would have been offenses described in 18 U.S.C. § 3142(f)(1) if a circumstance giving rise to Federal jurisdiction had existed; and Defendant committed said offense while on pretrial release; <u>and</u> not more than five years has elapsed since defendant was released from imprisonment or convicted of said offense;

☐     Probable cause exists to believe Defendant committed 10+ year drug

offense under the Controlled Substances Act (21 U.S.C. § 801 et. seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et. seq.) or chapter 705 of Title 46;

☐    Probable cause to believe Defendant committed an offense under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b;

☐    Probable cause to believe Defendant committed an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐    Probable cause to believe Defendant committed an offense under chapter 77 of Title 18 for which a maximum term of imprisonment of 20 years or more is prescribed; and/or

☐    Probable cause to believe Defendant committed an offense involving a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of Title 18.

4.    <u>Time for Detention Hearing</u>. The United States requests the court conduct the detention hearing

☐    At first appearance

☒    After continuance of THREE (3) DAYS

DATED: July 8, 2026

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

s/    <u>T. Cameron McEwen</u>
T. CAMERON MCEWEN, AL Bar #7161R67M
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
(918) 684-5100
Cameron.McEwen@usdoj.gov