**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.    CR-26-66-RAW |
| | ) | |
| DIAN LIN JIANG, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT JIANG'S UNOPPOSED MOTION FOR JOINDER IN
DEFENDANT CHI'S UNOPPOSED MOTION TO CONTINUE JURY TRIAL
AND MOTION DEADLINE (DOC. 46)**

COMES NOW, Defendant, Dian Lin Jiang, by and through his attorney, Craig M. Hoehns, respectfully moves for joinder (or gives notice of joinder) in Defendant Chi's Unopposed Motion to Continue Jury Trial and Motion Deadline (Doc. 46). The government does not oppose this motion.

Defendant Jiang adopts the arguments and authorities contained therein Defendant Chi's motion to the extent that they are applicable to Defendant Jiang, including paragraphs 1 through 4, part of paragraph 6, paragraph 7, and paragraphs 9 through 11.

Defendant Jiang further supplements and notes for the Court's consideration the following factors warrant a continuance of the jury trial and motion deadline in this matter as it pertains to both defendants.

1. Both Defendants Chi and Jiang speak Chinese. Counsel for Defendants Chi and Jiang do not speak Chinese and must utilize interpreters and translators to converse with their clients. When taking into account counsel's schedules and

interpreter/translator schedules, this necessarily impacts when, where and how counsel can meet with their clients

2. The initial batch of discovery included numerous audio recordings of interviews with Chinese speakers. Defendants need additional time to process and evaluate these recordings.

3. The initial batch of discovery also included numerous photos of items labeled in the Chinese (or another non-Western) language. Defendants will need additional time to process and evaluate this portion of discovery.

4. On Friday, July 17, 2026, undersigned counsel received his second batch of discovery in this matter via FedEx. That discovery includes digital extractions of four (4) cellular phones and one (1) iPad tablet. These devices were obtained from speakers of the Chinese language. The data contained on these extractions totals 169 gigabytes. That data includes phone logs, instant messages, chat messages, photographs, videos, and other technological data that will require significant time to review.

5. Counsel for Mr. Jiang needs additional time to complete a meaningful review of the previously mentioned discovery, analyze legal issues, and confer with Mr. Jiang regarding the discovery and legal issues which may be present in this matter. Furthermore, counsel needs additional time to negotiate with counsel for the government.

6. The Speedy Trial Act gives this Court the discretion to "accommodate limited delays for case-specific needs." *Zedner v. United States*, 547 U.S. 489, 499, 126

S.Ct. 1976, 1984, 164 L.Ed.2d 749 (2006). The facts of this case justify an ends of justice determination that a continuance "outweigh[s] the best interests of the public and the defendant in a speedy trial." *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009), citing18U.S.C.§ 3161(h)(7)(A).

7. The denial of this motion would unreasonably deny Defendant Jiang reasonable time necessary for effective preparation taking into account the exercise of due diligence by counsel.

8. This motion is made in good faith and is not made for dilatory purposes.

9. Granting this motion will not prejudice either party.

10. The defendant submits that, for all the reasons mentioned above, the ends of justice served by the requested continuance outweigh the interests of the public and the defendant in a speedy trial. The requested continuance would further the ends of justice by affording defendant the opportunity to effectively consult with his attorney regarding discovery of the case. Defendant agrees that any time encompassed by a continuance granted as a result of this request is excludable under the provisions of the Speedy Trial Act. 18 U.S.C. §3161(h)(7)(A).

11. A waiver of speedy trial is attached to this motion as Exhibit 1.

12. Mr. Jiang has not previously requested an extension of time or continuance.

13. Counsel has discussed this motion with the counsel for the government, Assistant United States Attorney Cameron McEwen. The government does not oppose this request to grant this motion.

14. Counsel states that based on the foregoing it is reasonable, necessary and proper to extend time to review outstanding discovery materials, complete a proper investigation of the defenses available to the defendant.

15. Counsel states that the statutory and case law is clear that this Court has the discretion to enter the requested Order upon its findings that the ends of justice warrant and are served and that such actions outweigh any generic public interest in a speedy trial being held on September 2026 trial calendar.

WHEREFORE, Defendant Jiang respectfully requests this Court grant this motion for joinder, grant the underlying Unopposed Motion to Continue Jury Trial and Motion Deadline (Doc. 46), and reset this matter on the November 2026 jury trial docket and extend the motion deadline to September 15, 2026.

Respectfully submitted,

s/ Craig M. Hoehns
Craig M. Hoehns
Bar Number: 21700
Attorney for Dian Lin Jiang
Hoehns Law Office, PLLC
629 W. Main St., #243
Oklahoma City, OK 73102
Telephone: (405) 535-2005
Fax: (405) 543-1354
craig.hoehns@hoehnslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2026, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

s/ Craig M. Hoehns
Craig M. Hoehns