# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>JIN ZHAO CHI, and<br>DIAN LIN JIANG,<br><br>*Defendants*, | Case No. CR-26-66-RAW |

## ORDER

Before the court is the parties' Joint Motion to Extend the Trial Date and Pretrial Filing Deadlines [Docket No. 71] requesting a continuance of the trial presently set for the November 3, 2026 trial docket to the February 2, 2027 trial docket.

All parties are in agreement with this request.

On May 12, 2026, multiple-count Indictment was filed charging the defendants as follows: Both defendants were charged in counts: Count One: Conspiracy to Smuggle Goods into the United States in violation of 18 U.S.C. § 371; Count Two: Smuggling Goods into the United States in violation of 18 U.S.C. §§ 545, & 2; and Count Three: Unlawful Distribution and Sale of Pesticides - Misdemeanor in violation of 7 U.S.C. §§ 136j(a)(1)(A) and 136(b)(1)(B). Defendant Jiange is also charged in Count Four with Unlawful Distribution and Sale of Pesticides - Misdemeanor in violation of 7 U.S.C. §§ 136j(a)(1)(A) and 136l(b)(1)(B) [Docket No. 2].

The request for continuance is made for the following reasons which give cause for excludable time and the determination that this is a complex case under the Speedy Trial Act. In

In early September, 2026, Magistrate Judge D. Edward Snow conducted a two-day suppression hearing. At the conclusion of the hearing Magistrate Judge Snow requested the parties brief the issues further. The parties requested 45 days to request transcripts and file briefs. Further, additional time is needed to secure an expert witness who speaks and reads Mandarin and Fujianese to translate discovery materials, including messages and electronic communications. Defendant Jiang has filed a speedy trial waiver s [Docket No. 72].

The court finds that additional time is necessary for counsels' effective preparation and advocacy for their clients, considering the exercise of due diligence. *See* 18 U.S.C. §3161(h)(7)(B)(iv).

For the reasons set forth in the motion, including those noted above, and pursuant to 18 U.S.C. §3161(h)(7)(B)(i) and (ii), the court has previously deemed this case unusual or complex, requiring extended litigation.

Continuance of the jury trial may implicate the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.* The Act requires a defendant to be brought to trial within seventy days of his initial appearance in the charging district. The request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. The statute permits a court to consider whether "the failure to grant such a continuance... would deny counsel for the defendant... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at §

3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result in the need for additional time." *Id.* at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. *Id.* at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id.* at 1273.

The Court finds that an ends of justice continuance is appropriate under the circumstances presented in the parties' motion. Counsel request the extension in the interest of justice to ensure their clients informed decision regarding effective preparation for trial or other resolution of the case. Counsel are asking the Court to exclude any period of delay for an ends of justice continuance. In addition to the interests of the Defendants, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that the Joint Motion [Docket No. 71] is granted as to all defendants. The jury trial set on the November 3, 2026 trial docket is stricken and reset to the February 2, 2027 Trial Docket. The pretrial motions deadline is hereby stricken and reset to December 28, 2026. The expert witness notices deadline is December 28, 2026. Any *Daubert*

motions shall be filed within 14 days of the filing of the expert witness notices. The pretrial conference currently set for October 14, 2026 is hereby stricken to be reset by the court at a later date.

**IT IS FURTHER ORDERED** that the time from November 3, 2026 to February 2, 2027, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**IT IS SO ORDERED** this 28th day of September, 2026.

**RONALD A. WHITE**
**UNITED STATES SENIOR DISTRICT JUDGE**